# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DERRICK MARTIN, #20779-076**                                   **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO. 5:07-cv-85-DCB-MTP**

**CONSTANCE REESE, et al.**                                      **RESPONDENTS**

## MEMORANDUM OPINION

Petitioner Martin, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, when he was an inmate at FCC-Yazoo, Yazoo City, Mississippi. According to the Bureau of Prisons online records, Mr. Martin was released from incarceration on March 24, 2009. Since Petitioner seeks release from confinement to placement in a Residential Re-entry Center as relief in this case, it appears his request has been granted. Therefore, on May 12, 2009, this Court entered an Order [6] directing the Petitioner to file a written response stating he wishes to continue with this case or a notice of voluntary dismissal. Petitioner was directed to file his response within twenty days. The Petitioner was warned that failure to keep this Court informed of his current address or failure to comply with a Court order would result in the dismissal of this case. On May 18, 2009, the envelope [7] containing this Order was returned by the postal service with the notation "return to sender - attempted not known- unable to forward."

Out of an abundance of caution, an additional Order [8] was entered on June 24, 2009, which directed the Petitioner to show cause why this case should not be dismissed for his failure to comply with the Court's May 12, 2009 Order. Petitioner was also directed to file

his written response on or before July 8, 2009. This Order warned Petitioner that this was his final opportunity to comply with the Court's May 12, 2009 Order before dismissal of this case. On June 30, 2009, the envelope [9] containing this Order was returned by the postal service with the notation "return to sender - not deliverable as addressed- unable to forward."

Petitioner has failed to keep this Court informed of his current address and he has failed to comply with two Court orders. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Petitioner has not contacted this Court since October 21, 2008. The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Respondent has not been called on to respond to the Petition, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx.265, 267 (5th

Cir.2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 31st   day of August , 2009.


                                              s/David Bramlette
                                              UNITED STATES DISTRICT JUDGE